UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR | * | CIVIL ACTION NO. 07-0848 |
| VERSUS | * | JUDGE JAMES |
| PRIMARY HEALTH SERVICES CENTER, A CORPORATION AND CATHERINE M. TONORE, AN INDIVIDUAL | * | MAGISTRATE JUDGE HAYES |

## MEMORANDUM ORDER

Before the court is a motion to compel [doc. # 26] filed by plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor.[1] For reasons assigned below, the motion [doc. # 26] is GRANTED.

## Background

Plaintiff, Secretary of Labor, United States Department of Labor, filed the instant complaint against defendants, Primary Health Services Center ("PHSC") and Catherine M. Tonore on May 17, 2007. Plaintiff contends that defendants violated Section 11(c) of the Occupational Safety and Health Act when they discharged Reginald Humphries after he complained that his mobile health unit was not properly equipped to safely collect laboratory specimens.

---

[1] As this motion is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

On December 21, 2007, plaintiff propounded her First Requests for Production of Documents to Defendant Catherine M. Tonore. (Pl. Exh. A). On February 28, 2008, Tonore responded to the discovery requests, but objected to several on the basis of relevancy and "validity." (Pl. Exh. D). In an April 2, 2008, letter to defense counsel, plaintiff outlined specific reasons why the responses were inadequate. (Pl. Exh. E). Thereafter, on April 25, 2008, defendant Tonore supplemented her original responses, expounding upon her relevancy objection and further objecting on the bases of vagueness and excessiveness. (Pl. Exh. F). That same day, plaintiff filed the instant motion to compel Tonore to provide complete responsive documents to plaintiff's production requests numbered 10, 11, 13, 15, 16, 17, and 46. Tonore filed an opposition on May 12, 2008. The matter is now before the court.

## Analysis

Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party," has been understood as providing for broad and liberal discovery. Fed.R.Civ.P. 26(b)(1); *see Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Thus, the scope of discovery is not limited only to evidence that would be admissible at trial, nor is it adjudged by a constricted definition of "relevant." Fed. R. Civ. P. 26(b)(1). A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence.'" *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006).

In her opposition to the motion to compel, Tonore does not re-urge her objections on the

grounds of relevancy, vagueness, or excessiveness.[2]  Instead, Tonore argues that:  1) the documents at issue belong to co-defendant, PHSC; thus Tonore in her individual capacity, has no right to retrieve the documents from the corporation; and 2) she no longer needs to respond to the motion to compel due to her pending motion for summary judgment and/or motion to dismiss plaintiff's claim against her.  However, in the pending motion for summary judgment and/or motion to dismiss, Tonore states that she is the executive director of PHSC.  (*See*, [doc. # 32]).  Moreover, Tonore supplemented her responses to plaintiff's discovery requests in her capacity as "CEO" (presumably of PHSC).  (*See*, Def. Exh. F).[3]  The requested documents are therefore clearly under Tonore's control as an officer of PHSC, and under Rule 26, she is required to produce documents in her possession or control.  In her executive capacity, Tonore certainly will have the right to retrieve the requested documents.  In addition, Tonore's providing of any other documents in her possession or control as CEO, as she has already done in response to the pending discovery requests, or as executive director of PHSC, as is stated in her pending motion, will alleviate Tonore's concerns regarding the continued viability of the discovery requests in the wake of her pending motion to dismiss.

For the above-assigned reasons,

The motion to compel [doc. # 26] filed by plaintiff, Elaine L. Chao, Secretary of Labor,

---

[2]  In any event, the undersigned has reviewed plaintiff's production requests numbered 10, 11, 13, 15, 16, 17, and 46 and finds that the requested discovery is germane and reasonably tailored in scope to plaintiff's burden of proof.  *See*, *Reich v. Hoy Shoe Co.*, 32 F.3d 361, 365 (8th Cir. 1994) (setting forth the burden-shifting framework in a § 11(c) claim).  Moreover, Tonore has not demonstrated that the requests at issue are unduly vague or excessive.

[3]  Tonore supplemented her responses in her capacity as "CEO," notwithstanding the fact that separate counsel had already enrolled on behalf of PHSC.  (*See*, March 3, 2008, Order granting motion to substitute counsel).

United States Department of Labor is hereby GRANTED. Within the next 15 days from today, defendant Tonore, either individually or in her capacity as an executive officer of PHSC, shall provide full and complete responsive documents to plaintiff's production requests numbered 10, 11, 13, 15, 16, 17, and 46.

    IT IS SO ORDERED.

    THUS DONE AND SIGNED at Monroe, Louisiana, this 30th day of May, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE